**K. Jamel WALKER, Plaintiff— Appellant,**

v.

**James H. GOMEZ; Kingston W. Prunty; R.R. Rath, Cor Sergeant, Defendants—Appellees.**

**No. 99–55265.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 8, 2003.

Decided June 7, 2004.

Amy J. Laurendeau, Esq., Christine E. Cwiertny, O'Melveny & Myers LLP, Newport Beach, CA, for Plaintiff–Appellant.

K. Jamel Walker, Calipatria, CA, pro se.

Robert F. Helfand, Office of the Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before KOZINSKI, FERNANDEZ and RYMER, Circuit Judges.

## MEMORANDUM *

This memorandum disposition supplements the opinion filed concurrently herewith.

■ 1. The district court did not err in dismissing Walker's claims against defendant Gomez under 42 U.S.C. § 1983, as "[l]iability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

■ 2. The district court did not abuse its discretion in denying Walker's request for additional time to amend the complaint. *Pro se* civil litigants are not excepted from court-ordered deadlines. *See Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).

■ 3. We reverse in part summary judgment as to defendants Reed, Garcia, Tutt and Janda with respect to Walker's claims for emotional distress. The Elev-

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

enth Amendment does not bar state-law claims against defendants sued in their personal capacities. *See Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir.1992) (per curiam). In *Ashker v. California Department of Corrections*, 112 F.3d 392 (9th Cir.1997), we held that *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), guides us in determining whether a defendant has been sued in his personal or official capacity for purposes of pendent state-law claims. Walker sued defendants in their personal capacities, and alternatively in their official capacities, by alleging in his complaint, "Each defendant is being sued Individually and in his/her Official Capacity." First Amended Complaint at 3; *see Ashker*, 112 F.3d at 395. Further, *Hafer* clarified that personal liability may turn on actions undertaken in a defendant's official capacity. *See Hafer*, 502 U.S. at 27, 112 S.Ct. 358.

We affirm as to Walker's alternative claims against defendants in their official capacities. *See Ashker*, 112 F.3d at 395 n. 3.

We decline to address defendants' arguments that Walker failed to state cognizable claims and that they are entitled to statutory immunity under California law, as they did not make these arguments below. *See Fraser v. Goodale*, 342 F.3d 1032, 1045 (9th Cir.2003). Defendants are not precluded from raising these arguments on remand. *See Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715—16 (9th Cir.1990).

Finally, we affirm as to defendant Prunty. Although Prunty was a party to the summary judgment motion, the emotional distress claims against him had already been dismissed without prejudice on January 29, 1997. Walker did not timely file an amended complaint to reinstate these claims against Prunty.

■ 4. The district court erred in refusing to consider possible claims under 42 U.S.C. §§ 1981, 1985(3) and 1986. Walker cited these statutes in his First Amended Complaint, alleged that he was employed by virtue of a contract, and alleged the existence of a conspiracy to deny him equal protection in his Fifth and Sixth Claims. *See McCalden v. Calif. Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir.1990), *as amended*. On remand, the district court should consider whether Walker has stated claims under sections 1981, 1985(3) and 1986. *See id.* at 1224.

■ 5. The district court did not err in dismissing Walker's Eighth Amendment claim, as he failed to allege deprivations of the "minimal civilized measure[s] of life's necessities." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

■ 6. The district court did not err in dismissing Walker's claim that his inability to work constituted a deprivation of due process. There is no constitutional right to a work assignment, *see Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir.1986) (per curiam); *Baumann v. Ariz. Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir.1985), and the state regulations cited by Walker do not create a statutory entitlement, *see Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 462—63, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989); *Toussaint v. McCarthy*, 801 F.2d 1080, 1094 (9th Cir.1986).

■ 7. Walker's contention that the magistrate judge abused his discretion in denying Walker's motion to compel Gomez and Prunty to produce documents, and in permitting defendants to redact information from records, is waived, as Walker did not timely object. *See* Fed.R.Civ.P. 72(a).

8. We agree with the district court that Walker failed to timely object to the denial of his motion for sanctions pursuant to

Federal Rule of Civil Procedure 37(b). *See* Fed.R.Civ.P. 72(a).

9. The district court did not abuse its discretion as to Walker's motions for continuance under Federal Rule of Civil Procedure 56(f). *See Qualls v. Blue Cross of Cal., Inc.,* 22 F.3d 839, 844 (9th Cir. 1994). The first motion became moot upon rescheduling of the summary judgment hearing. The pending discovery motions cited in Walker's second continuance request were resolved prior to disposition by summary judgment. *See Garrett v. City and County of San Francisco,* 818 F.2d 1515, 1518—19 (9th Cir.1987).

10. We agree with the district court that Walker did not timely object to the denial of his motion to compel responses to interrogatories propounded to defendants Prunty and Garcia. *See* Fed.R.Civ.P. 72(a).

11. We agree with the district court that Walker did not timely object to the denial of his motion to compel filed on September 2, 1997. *See* Fed.R.Civ.P. 72(a).

12. Denial of Walker's motion for a protective order as moot was not an abuse of discretion, *see Childress v. Darby Lumber, Inc.,* 357 F.3d 1000, 1009 (9th Cir. 2004), and the issue is, in any case, moot.

13. We agree with the district court that Walker did not timely object to denial of his request for a subpoena, Rule 11 sanctions and damages for conspiracy and fraud. *See* Fed.R.Civ.P. 72(a).

14. The district court did not err in granting summary judgment as to Walker's retaliation claims. It is undisputed that Walker was never removed from his job as a law library clerk. *See Gaut v. Sunn,* 810 F.2d 923, 925 (9th Cir.1987) (per curiam). In addition, Walker adduces no evidence indicating that the strip search to which he was subjected, or his return to his cell when the library closed at noon, did not advance legitimate penological interests. *See Hines v. Gomez,* 108 F.3d 265, 267 (9th Cir.1997). Further, Walker received his conjugal visit and full administrative review of his grievance against Officer Adams. *See Gaut,* 810 F.2d at 925. Finally, verbal harassment or abuse does not rise to the level of a constitutional deprivation. *See Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir.1987).

15. The district court did not err in permitting defendant Rath to file a second summary judgment motion as to Walker's retaliation claims. The district court effectively modified the pretrial conference order in its Order Continuing Trial Date and Addressing Various Other Motions. *See United States v. First Nat'l Bank of Circle,* 652 F.2d 882, 886—87 (9th Cir.1981). Its decision to do so was not an abuse of discretion because resolution of whether Walker had pursued his grievance could dispense with the need for trial. The district court's order of December 8, 1998, reflects that the court considered factors relevant to modification, albeit with brevity. *See id.* at 887.

Even if the district court's denial of Rath's first summary judgment motion was a legal determination sufficient to trigger the doctrine of the law of the case, the presentation of evidence dispositive of Walker's retaliation claim was a changed circumstance supporting the district court's discretion to depart from the law of the case. *See Thomas v. Bible,* 983 F.2d 152, 155 (9th Cir.1993).

AFFIRMED in part, REVERSED in part and REMANDED.