**Mubarak MUBARAK, Plaintiff,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., Defendants.**

**No. 02CV1615–DMSJFS.**

United States District Court, S.D. California.

May 3, 2004.

Mubarak Mubarak, Corcoran, CA, pro se.

G. Michael German, Deputy Attorney General, San Diego, CA, for Defendants.

**AMENDED ORDER: (1) ADOPTING–IN–PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; (2) GRANTING DEFENDANTS' MOTION TO DISMISS; AND (3) DISMISSING ACTION WITHOUT PREJUDICE**

SABRAW, District Judge.

Currently pending before this Court is a motion by Defendants to dismiss Plaintiff Mubarak Mubarak's Third Amended Complaint, pursuant to Fed.R.Civ.P. 12(b). Because Plaintiff is a state prisoner bringing claims for relief under 42 U.S.C. § 1983, the Prison Litigation Reform Act of 1997 ("PLRA"), applies to this case. The Court holds that the PLRA requires "total exhaustion" of administrative remedies before bringing suit. The Court also finds that Plaintiff has failed to exhaust his available administrative remedies in relation to his third claim. Consequently, the action is DISMISSED without prejudice.

## I.

### FACTUAL AND PROCEDURAL SUMMARY

On March 6, 2003, Plaintiff Mubarak Mubarak, a state prisoner proceeding *pro se* and *in forma pauperis,* filed his Third Amended Complaint ("TAC") pursuant to 42 U.S.C. § 1983, alleging civil rights violations against Defendants. Plaintiff's first two claims concern events that occurred on July 9, 2000, when Defendant Flores allegedly beat Plaintiff in his cell. After the alleged beating, Plaintiff avers Defendants Hewitt and Ketcham slammed his face into the floor when he refused to remove his pants in front of a female medical technician because of his Islamic faith. Plaintiff also complains Defendants Hewitt, Ketcham and Vogt all filed false reports to cover up these physical attacks.

Plaintiff's third cause of action involves the events of September 22, 2000, when Defendant Sosa purportedly beat Plaintiff's arm while Defendant Aboytes watched. The fourth cause of action is essentially a reiteration of Plaintiff's first two claims, providing an overview of the alleged constitutional violations.

On August 19, 2003, Defendants responded with a Motion to dismiss the TAC for failure to exhaust administrative remedies and to strike the TAC and its prayer for punitive damages and non-monetary relief. Plaintiff did not file an Opposition. The Motion was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Civ. L.R. 72.3, for a Report and Recommendation ("Report").

In compliance with *Wyatt v. Terhune,* 315 F.3d 1108, 1120 n. 14 (9th Cir.2003), the Honorable James F. Stiven, United States Magistrate Judge, issued an Order on September 30, 2003, giving Plaintiff notice of his possible failure to exhaust his

third cause of action, and requiring Plaintiff to submit affidavits to that effect. Originally, Plaintiff had until October 24, 2003, to respond to this Order. Plaintiff—after receiving two extensions on this deadline—responded on February 18, 2004.

On February 23, 2004, Magistrate Judge Stiven issued his Report, recommending that the Court grant-in-part and deny-in-part Defendants' motion to dismiss and to strike. Judge Stiven recommended the Court dismiss the third cause of action in the TAC without prejudice for failure to exhaust administrative remedies pursuant to the PLRA, as set forth in 42 U.S.C. § 1997e. Judge Stiven further recommended the Court deny the motion to dismiss Claims One, Two, and Four, and deny the motion to strike Plaintiff's prayer for punitive damages, injunctive relief, and declaratory relief. In addition, Judge Stiven recommended Plaintiff's request for transfer to federal custody and transfer closer to his home be stricken, and that judicial notice should be taken of the exhibits attached to Defendants' Motion. Finally, as Plaintiff returned a signed affidavit verifying his TAC on February 18, 2004, Judge Stiven recommended the Motion to strike the TAC be denied as moot.

Defendants objected to the Report on March 12, 2004. Plaintiff objected on March 15, 2004.

Based on this Court's review of Judge Stiven's Report, the pleadings, and relevant authorities, the Court ADOPTS Judge Stiven's recommendation regarding Plaintiff's failure to exhaust his administrative remedies for his third claim. However, as to Judge Stiven's further conclusion that Plaintiff be allowed to proceed with the remaining three claims, the Court declines to follow this recommendation. The Court holds that the PLRA requires "total exhaustion" of administrative remedies before bringing suit. For this reason,

the TAC is DISMISSED without prejudice in its entirety. In light of this ruling, the Court declines to address the other issues raised by Defendants' Motion to dismiss and to strike.

## II.

### DISCUSSION

■ The Court reviews a Magistrate Judge's Report and Recommendation, if objected to, de novo. *See Hunt v. Pliler,* 336 F.3d 839, 844 (9th Cir.2003) (quoting *McKeever v. Block,* 932 F.2d 795, 798 (9th Cir.1991)). As discussed below, the Court DISMISSES Plaintiff's action without prejudice for failing to totally exhaust his administrative remedies.

### A. Failure to Exhaust Third Claim

The Court agrees with Judge Stiven's conclusion that Plaintiff has failed to exhaust his third cause of action, as required by 42 U.S.C. § 1997e(a). Nowhere in his TAC or his Objections to the Motion to Dismiss did Plaintiff submit any documentation or evidence that this claim had been considered by CDC officials at any level of administrative review. Accordingly, Plaintiff's TAC raises both exhausted and unexhausted claims, *i.e.,* a "mixed complaint."

### B. "Total Exhaustion" Requirement of the PLRA

■ Ordinarily, a plaintiff bringing Section 1983 claims is not required to exhaust all available administrative remedies as a prerequisite to filing suit. *See Patsy v. Bd. of Regents,* 457 U.S. 496, 516, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). However, under the PLRA, prisoners bringing such claims *do* have an administrative exhaustion requirement. *See* 42 U.S.C. § 1997e(a). Defendants maintain that strict adherence to this exhaustion requirement mandates an inmate plaintiff exhaust

all the claims he seeks to litigate before commencing the action. According to Defendants, the Court must dismiss a mixed complaint in its entirety.

Defendants ask this Court to follow the "total exhaustion" approach of the Eighth Circuit in *Graves v. Norris,* 218 F.3d 884, 885 (8th Cir.2000) ("plain language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims."). After briefing in this matter concluded, the Tenth Circuit, in *Ross v. County of Bernalillo,* 365 F.3d 1181 (10th Cir.2004), followed the rationale set forth in *Graves. See id.* at *6, 1188 ("We agree that the PLRA contains a total exhaustion requirement, and hold that the presence of unexhausted claims in [plaintiff's] complaint required the district court to dismiss his action in its entirety without prejudice.").

The Ninth Circuit has not addressed this issue, and the district courts of this Circuit are split on whether "total exhaustion" of a mixed complaint is required by the PLRA. *Compare Lira v. Dir. of Corr.,* No. C–00–905 SI (PR), 2002 WL 1034043, at *3 (N.D.Cal. May 17, 2002) (requiring "total exhaustion"), *and Ellison v. Cal. Dep't of Corr.,* No. C–02–1393 CRB (PR), 2003 WL 21209659, at *2 (N.D.Cal. May 19, 2003) (same); *with Cooper v. Garcia,* 55 F.Supp.2d 1090, 1094 (S.D.Cal.1999) (noting that there is "[n]othing in the language or legislative history of the PLRA's amendments to section 1997e(a) [that] supports a 'total' exhaustion requirement") (citation omitted), *and Blackmon v. Crawford,* No. CV–01–0111, 2004 WL 369883, at *3–6 (D. Nev. Feb 25, 2004) (finding that "total exhaustion" is contrary to congressional intent and public policy).

■ This Court concludes the "total exhaustion" approach is supported by the plain language of the PLRA's exhaustion provision and strong policy interests. The PLRA states: "No *action* shall be brought ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added). Use of the term "action" instead of "claim" evidences an intent to disallow mixed complaints. The Legislature could have chosen the phrase: "No *claim* shall be brought ...," but instead elected to use broader language and to disallow unexhausted *actions. See Graves,* 218 F.3d at 885; *Smeltzer v. Hook,* 235 F.Supp.2d 736, 744 (W.D.Mich.2002). Reference to other provisions within the PLRA itself makes the distinction between "claim" and "action" even clearer. *See Rivera v. Whitman,* 161 F.Supp.2d 337, 341 (D.N.J.2001) (contrasting § 1997e(c)(1) with § 1997e(c)(2)), *abrogated on other grounds by Ray v. Kertes,* 285 F.3d 287, 293 n. 6 (3rd Cir.2002).

■ In a related context, the Ninth Circuit has held that exhaustion of administrative remedies under the PLRA is a prerequisite to filing suit where *none* of the claims in the complaint are exhausted. In *McKinney v. Carey,* 311 F.3d 1198 (9th Cir.2002), the court noted that a "suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Id.* at 1200 (quoting *Medina–Claudio v. Rodriguez–Mateo,* 292 F.3d 31, 36 (1st Cir.2002) (citation omitted)). Accordingly, the court made clear that exhaustion of administrative remedies is a prerequisite to filing a lawsuit. A stay of the suit pending exhaustion does not satisfy the plain language of the statute. *See McKinney,* 311 F.3d at 1199. Total exhaustion of all claims is therefore contemplated before a prisoner may file a Section 1983 action in a federal court.

■ As reflected in its title, the clear import of the PLRA is to deter meritless

prisoner lawsuits and alleviate the caseload burden on federal courts. To this end, mandating "total exhaustion" would deter prisoners from filing mixed complaints. Upon dismissal of the entire mixed complaint, the prisoner could either: (1) file a new complaint and bring only the exhausted claims; or (2) exhaust all claims and then file a new (fully exhausted) complaint. Either way, having to "pay the full amount of a filing fee" twice—in accordance with 28 U.S.C. § 1915(b)(1)—encourages prisoners to determine before bringing suit whether all claims raised in a Section 1983 complaint are in fact exhausted. *See Blackmon*, 305 F.Supp.2d at 1179 ("If the only penalty for bringing a mixed complaint were dismissal of the unexhausted claims, there would be nothing to deter prisoners from continuing to bring these suits.") (citation omitted). *See also Ross*, 2004 WL 902322, at *7, 365 F.3d at 1189–90 (noting that the "policies underlying the PLRA point toward a requirement of total exhaustion."). Moreover, allowing a mixed complaint could result in an unexhausted claim "holding up" the dismissal of a frivolous action of otherwise exhausted claims. *See Smeltzer*, 235 F.Supp.2d at 744 (citation omitted).

Finally, the principals of comity dictate "total exhaustion" is the proper approach. Requiring total exhaustion will afford prison officials full opportunity to address prisoners' claims before they are raised in a federal court. By making total exhaustion the standard, federal courts will not only promote comity, but will reap the benefits of more focused complaints and more developed evidentiary records. *See Scott v. Gardner*, 287 F.Supp.2d 477, 486–87 (S.D.N.Y.2003) (citing *Hattley v. Goord*, No. 02Civ.2339 (WHP)(RLE), 2002 WL 1700435, at *6 (S.D.N.Y. March 27, 2003)). *See also McKinney*, 311 F.3d at 1200 ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.") (citing *Porter v. Nussle*, 534 U.S. 516, 524–25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)).

Based on the foregoing, this Court adopts the "total exhaustion" approach discussed above. Because Plaintiff's third claim is unexhausted, the entire action is DISMISSED without prejudice.

### III.

### *CONCLUSION AND ORDER*

For these reasons, Defendants' Motion to dismiss is **GRANTED**. Plaintiff's Third Amended Complaint is **DISMISSED** without prejudice in its entirety. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**