**Joseph NICHOLS, CDC # H–87217, Plaintiff,**

v.

**P. LOGAN, et al., Defendants.**

**No. 01CV1797BEN.**

United States District Court, S.D. California.

Nov. 23, 2004.

Joseph Nichols, Soledad, CA, Plaintiff pro se.

Richard F. Wolfe, Deputy Attorney General, San Diego, CA, for Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED AND DISMISSING THE ACTION IN ITS ENTIRETY WITHOUT LEAVE TO AMEND

BENITEZ, District Judge.

On June 16, 2003, Plaintiff filed a Second Amended Complaint under 42 U.S.C. § 1983 naming seven employees of the Calipatria State Prison as defendants. On December 31, 2003, the defendants joined together in moving to dismiss the Complaint. On May 4, 2004, Magistrate Judge William McCurine, Jr., issued a Report and Recommendation. On May 21, 2004, Plaintiff filed a 390–page Objection. The Objection consists of 14 pages of text and 376 pages of exhibits. On June 16, 2004, defendants filed a Reply to the Objection to the Report and Recommendation. On July 7, 2004, the case was transferred to the undersigned. Finally, On August 24, 2004, Plaintiff filed: (1) an amendment to the objections; (2) a declaration in support of the amendment to the objections; (3) a motion to amend the Third [sic] Amended Complaint by adding a count seven; and (4) a motion to amend the Second Amended Complaint by adding a count eight.[1] For the reasons stated below, the Court adopts the Report and Recommendation, as modified and Orders the Complaint be dismissed in its entirety without prejudice for failure to completely exhaust administrative remedies, without leave to amend.

A district judge "may accept, reject, or modify the recommended decision" of a Magistrate Judge on a dispositive matter. F.R.C.P. 72(b); *see also* 28 U.S.C. § 636(b)(1). Moreover, "the court shall make a *de novo* determination of those

---

1. The motion to amend the [proposed] Third Amended Complaint by adding a count seven and the motion to amend the Second Amended Complaint by adding a count eight both lack specificity. Each simply refers to an accompanying declaration and 50 pages of exhibits. Because the proposed amendments cannot be discerned by this Court, both motions are denied without prejudice.

portions of the [report and recommendation] to which objection is made." *Id.* The Ninth Circuit recently held that, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise. Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *U.S. v. Reyna–Tapia,* 328 F.3d 1114, 1121 (9th Cir.2003) (en banc), *cert denied,* 540 U.S. 900, 124 S.Ct. 238, 157 L.Ed.2d 182 (2003)(emphasis in original); *but see Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989)(even without objections, conclusions of law must be reviewed *de novo* ).

According to the Second Amended Complaint ("SAC"), Plaintiff was a prisoner at Calipatria State Prison in June, 2000. On June 30, 2000, Plaintiff alleges that a Calipatria correctional officer named P. Logan used excessive force upon him while another correctional officer, L. Liberty–Gonzalez did nothing to prevent Officer Logan from applying the force. The SAC is long (39 pages of handwritten and typewritten text and 66 pages of exhibits) and confusing. However, it appears that Plaintiff alleges that he suffered serious physical injury as a result of the force applied by Officer Logan. It also appears that he seeks to hold other supervisory correctional officers responsible for Officer's Logan's alleged acts of force, *i.e.,* Warden Garcia, Associate Warden Houston, Captain Leapheart, Lt. Corona, Sgt. Borem, and Sgt. Settlemire. Warden Garcia has already been dismissed by this Court's earlier Order, filed October 8, 2003.

■ The Magistrate Judge recommended that all of the claims against Defendants Houston, Leapheart, Corona, Borem and Settlemire be dismissed without leave to amend because Plaintiff has not exhausted his administrative remedies with respect to these defendants. As the Magistrate Judge correctly pointed out, 42 U.S.C. § 1997e(a) requires exhaustion prior to the filing of an action under § 1983, and non-exhaustion can be properly raised in a non-enumerated motion to dismiss under FRCP 12(b). *Wyatt v. Terhune,* 315 F.3d 1108 (9th Cir.2003). While Plaintiff in his objections argues that he has begun the administrative appeals process by filing a "602," he acknowledges that it has not yet reached a Director's Level decision. See Objections, at 8–9. He also objects to the Magistrate Judge's recommendation that these defendants be dismissed without leave to amend.

■ Administrative remedies must be exhausted prior to the filing of an action. *McKinney v. Carey,* 311 F.3d 1198 (9th Cir.2002). Since Plaintiff's action was filed in 2001 and he has not yet exhausted his administrative remedies, Plaintiff cannot possibly satisfy the § 1997e(a) requirement for the present lawsuit. Therefore, granting Plaintiff leave to amend this action with respect to defendants Houston, Leapheart, Corona, Borem and Settlemire would be futile. Plaintiff must file a new action once his administrative remedies have been exhausted. *Id.,* at 1200 ("Requiring dismissal without prejudice when there is no pre-suit exhaustion provides a strong incentive that will further these Congressional objectives; permitting exhaustion *pendente lite* will inevitably undermine attainment of them.").

■ Since some of Plaintiff's claims have not been exhausted, he presents a mixed Complaint. While the Ninth Circuit has not yet addressed the issue of whether "total exhaustion" of a mixed complaint is required by the Prison Litigation Reform Act ("PLRA"), several district courts have. One of the most recent cases from within

the Ninth Circuit is *Mubarak v. California Department of Corrections,* 315 F.Supp.2d 1057 (S.D.Cal.2004)(Sabraw, J.). *Mubarak* recognized the divergence of opinions but adopted the "total exhaustion" approach.

A total exhaustion approach, in addition to the sound reasons set forth in *Mubarak,* would prevent Plaintiff from litigating his claims piecemeal. For example, if the excessive force case were to continue against officers Logan and Liberty–Gonzalez only, the non-exhausted defendants Houston, Leapheart, Corona, Borem and Settlemire likely would have to appear as witnesses. Later when administrative remedies were exhausted against Houston, Leapheart, Corona, Borem and Settlemire, and the case against them went to trial, Logan and Liberty–Gonzalez likely would have to appear as witnesses and give the same testimony offered at the first trial. In the same way, any other percipient or expert witnesses who were called to testify at the first trial would again have to testify at the second trial. Two sets of jurors would be called; two judges would preside; two courtrooms would be unavailable for other matters; justice would be ill-served. Litigants might even purposely file mixed complaints with the intention of multiplying litigation. Rather than support multiplicitous piecemeal litigation of prisoner claims of wrongdoing, this Court also follows the total exhaustion approach of *Mubarak. Id.* at 1061 ("this Court adopts the 'total exhaustion' approach ... Because Plaintiff's third claim is unexhausted, the entire action is dismissed without prejudice").

■ Because Plaintiff's claims against defendants Houston, Leapheart, Corona, Borem and Settlemire are not fully exhausted, Plaintiff's Complaint is not totally exhausted. Because Plaintiff's Complaint is mixed, the entire action shall be dismissed without prejudice. Moreover, because amendment in this action would be futile in view of § 1997e(a), the action is dismissed without leave to amend.

Therefore, this Court adopts the recommendation of the Magistrate Judge as modified and **grants** the Motion to Dismiss and **dismisses** the Complaint in its entirety without leave to amend.

Since the action is dismissed without leave to amend, this Court need not reach any other recommendations concerning dismissal of Defendants Houston, Leapheart, Corona, Borem and Settlemire. Moreover, since this Court dismissed Warden Garcia on October 8, 2003, any objection to the recommendation to dismiss Garcia *sua sponte* is **moot.**

Furthermore, the recommendation to deny leave to file the proposed Third Amended Complaint ("TAC") is adopted. The proposed TAC attempts to restate actions against Houston, Leapheart, Corona, Borem and Settlemire. For the reasons discussed above, any action against these correctional personnel will have to be brought in a separate action after Plaintiff exhausts his administrative remedies. Since the proposed TAC will not comply with this order, leave to file the proposed TAC attached to Plaintiff's objections is **denied.**

Furthermore, since no objection is made, this Court also adopts the Magistrate Judge's recommendation and **grants** Plaintiff's voluntary motion to dismiss the remaining Fourteenth Amendment claims and all pendent state law claims.

The Clerk of Court is directed to close the file.

IT IS SO ORDERED.

REPORT AND RECOMMENDATION OF UNITED STATES MAGIS-TRATE JUDGE RE DEFEN-DANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND SUA SPONTE DISMISSAL OF DEFENDANT GARCIA

[Doc. No. 56]

MCCURINE, United States Magistrate Judge.

This Report and Recommendation is submitted to United States District Judge M. James Lorenz, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.3 of the United States District Court for the Southern District of California.

## I.

### PROCEEDINGS

On October 4, 2001, Joseph Nichols ("Plaintiff"), a California state prisoner incarcerated at Salinas Valley State Prison in Soledad, California, filed this civil rights action pursuant to 42 U.S.C. § 1983. The district judge granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), and simultaneously screened the Complaint in order to make a preliminary determination as to whether the Complaint required *sua sponte* dismissal on grounds that it was frivolous, malicious, failed to state a claim, or sought monetary damages against defendants who were immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); *Lopez v. Smith,* 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (§ 1915A). Finding *sua sponte* dismissal of the Complaint inappropriate, the Court instead directed the U.S. Marshal to effect service on Plaintiff's behalf on February 25, 2002 [Doc. No. 3]. On March 30, 2002, prior to service of the Complaint, Plaintiff filed a First Amended Complaint ("FAC") [Doc. No. 6]. On December 19, 2002, the Court directed the U.S. Marshal to effect service of Plaintiff's FAC [Doc. No. 10].

On March 17, 2003, Defendants Garcia, Logan and Liberty–Gonzalez filed a Motion to Dismiss the First Amended Complaint pursuant to FED.R.CIV.P. 12(b) and 12(b)(6) [Doc. No. 19]. On May 2, 2003, Magistrate Judge Larry A. Burns issued a Report and Recommendation granting Defendants' Motion to Dismiss without prejudice and with leave to amend [Doc. No. 36]. On June 16, 2003, District Judge Lorenz adopted the Magistrate's Report and Recommendation and directed the Clerk of the Court to file Plaintiff's Second Amended Complaint ("SAC") [Doc. Nos. 40, 43].

On December 31, 2003, Defendants Houston, Leapheart, Corona, Borem, and Settlemire filed a Motion to Dismiss the Second Amended Complaint pursuant to FED.R.CIV.P. 12(b) and 12(b)(6) [Doc. No. 56]. Plaintiff filed his opposition on February 25, 2004 and Defendants filed their Reply on March 8, 2004.

## II.

### PLAINTIFF'S FACTUAL ALLEGATIONS

On June 30, 2000, Plaintiff was incarcerated at Calipatria State Prison. *See* SAC at 3. On June 30, 2000, Plaintiff claims Correctional Officer P. Logan, who was assigned to escort inmates to the showers, grabbed his arm while escorting Plaintiff to the showers. *Id.* While Defendant Logan was escorting him, Plaintiff claims the grip on his arm by P. Logan got "uncomfortably tighter, "in fact" (sic), seriously tight, to the point where I was in serious pain." *Id.* When Plaintiff asked Defendant Logan to loosen the grip on Plaintiff's arm, Logan ignored his request. *Id.* Plaintiff broke free of Defendant Logan's hold by pulling his arm away. *Id.,* at 7. In response, Plaintiff claims Logan tried to pick him up and "body slam" Plaintiff onto the concrete floor. *Id.* When Logan was unsuccessful, Plaintiff claims that Logan made a second attempt and picked Plain-

tiff up while he was handcuffed and "slammed Plaintiff into the concrete ground or pavement causing great and serious bodily injury." *Id.* As a result, Plaintiff alleges he was knocked "unconscious and/or semi-unconscious" and suffered injuries to his "head, back, knees, face, arm, and shoulder." *Id.*

At the time of the incident, Correctional Officer Liberty–Gonzalez was located in the control tower. *Id.* After the "first attempt" by Defendant Logan to "body slam" Plaintiff into the ground, Defendant Liberty–Gonzalez moved to the edge of the control tower and began yelling at Plaintiff while brandishing a gun. *Id.*, at 4. Plaintiff alleges this was the only action taken by Defendant Liberty–Gonzalez.

## III.

### *DISCUSSION*

Defendants Logan, Gonzalez, Houston, Leapheart, Corona, Borem, and Settlemire[1] move to dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R.Civ.P. 12(b) and Fed.R.Civ.P. 12(b)(6) on the basis that: (1) any claims for damages brought against them in their official capacity are barred by the Eleventh Amendment to the United States Constitution; (2) Plaintiff failed to exhaust all available administrative remedies before filing suit against Defendants Houston, Leapheart, Corona, Borem, and Settlemire pursuant to 42 U.S.C. § 1997e(a); (3) Plaintiff failed to allege any personal involvement on the part of Defendants Houston, Leapheart, Corona, Borem, and Settlemire in the alleged use of excessive force; (4) the Fourteenth Amendment claims against the Defendants should be dismissed because the Eighth Amendment provides a more explicit textual source of constitutional pro-

tection; and (5) Plaintiff's pendent state law claims must be dismissed because he has not adequately alleged compliance with the claims presentation requirement of the California Tort Claims Act.

For the following reasons, it is recommended that the Court **GRANT** Defendants' Houston, Leapheart, Corona, Borem, and Settlemire Motion to Dismiss [Doc. No. 56] without leave to amend.

### A. Failure to Exhaust Administrative Remedies

Defendants Houston, Leapheart, Corona, Borem, and Settlemire seek dismissal under the "non-enumerated" provisions of to Fed.R.Civ.P. 12(b) on the grounds that Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). Before the Prison Litigation Reform Act ("PLRA") was enacted, prisoners challenging the conditions of confinement under 42 U.S.C. § 1983 were not generally required to exhaust administrative remedies prior to filing suit in district court. *See Patsy v. Bd. of Regents,* 457 U.S. 496, 500–01, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 987, 152 L.Ed.2d 12 (2002).

The PLRA amended 42 U.S.C. § 1997e(a), however, to provide that "no action shall be brought with respect to prison conditions under section 1983 if this title, or any federal law, by a prisoner confined in jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter,* 122 S.Ct. at 988; *Wyatt v. Terhune,* 280 F.3d 1238, 1244 (9th Cir.2002). The Supreme Court has called "protecting administrative agency authority and promoting judicial effi-

---

1. The Court notes that although Warden Sylvia Garcia is named as a defendant in the SAC, she is not joined in the Motion to Dismiss Plaintiff's SAC. It is stated in the Defen-

dants' Motion to Dismiss that "defense counsel was never served with the SAC, and there is no evidence of direct service" on Garcia of the SAC. MTD at 1, fn. 1.

ciency" the "twin purposes" of administrative exhaustion. *McCarthy v. Madigan*, 503 U.S. 140, 145, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992); *see also Porter*, 122 S.Ct. at 988 (noting that corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate and thereby obviate the need for litigation, help to filter out frivolous claims and provide the court with an administrative record that clarifies the contours of the controversy) (citing *Booth v. Churner*, 532 U.S. 731, 737, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)).

The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and is properly raised pursuant to a motion to dismiss, including a non-enumerated motion under to FED.R.CIV.P. 12(b). *See Ritza v. Int'l Lonshoremen's & Warehousemen's Union*, 837 F.2d 365, 368–69 (9th Cir.1998); *Wyatt v. Terhune*, 315 F.3d 1108, 1120–21 (9th Cir.2003) (finding a non-enumerated motion under Rule 12(b) to be "the proper pretrial motion for establishing nonexhaustion" of administrative remedies under 42 U.S.C. § 1997e(a)). *Wyatt* also holds that non-exhaustion of administrative remedies as set forth in 42 U.S.C. § 1997e(a) is an affirmative defense which defendant prison officials have the burden of raising and proving. *Wyatt*, 315 F.3d at 1120. However, unlike under Rule 12(b)(6), "[i]n deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.*, at 1119 (citing *Ritza*, 837 F.2d at 369).

### 1. Administrative Appeals System

The administrative appeals system for inmates in the California prison system is described in Title 15 if the California Code of Regulations. "Any inmate or parolee under the [California Department of Corrections'] jurisdiction may appeal any de-

partmental decision, action, condition, or policy perceived by those individuals as adversely affecting their welfare." CAL. CODE REGS. tit. 15 § 3084.1(a). In order to exhaust administrative remedies, a prisoner must first attempt to informally resolve the problem with the staff member involved in the action or decision being appealed. *Id.* § 3084.5(a). If unsuccessful, the prisoner must then submit a formal appeal on an inmate appeal form (a "602") to the institution's Appeals Coordinator or Appeals Office. *Id.*, § 3084.5(b). If the prisoner is again unsuccessful, he or she must submit a formal appeal for second level review, *id.*, § 3084.5(c), which is conducted by the institution head or designee. *Id.* § 3084.5(e)(1). The third or "Director's Level" of review "shall be final and exhausts all administrative remedies available in the Department [of Corrections]." *See* Cal. Dep't. of Corrections Operations Manual, § 54100.11, "Levels of Review;" *see also Barry v. Ratelle*, 985 F.Supp. 1235, 1237 (S.D.Cal.1997); *Irvin v. Zamora*, 161 F.Supp.2d 1125, 1129 (S.D.Cal.2001).

In *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), the Supreme Court resolved a split among the Circuits as to whether a state prison grievance procedure which is incapable of providing money damages is "available" under section 1997e(a) and therefore must be exhausted before the prisoner files federal suit under 42 U.S.C. § 1983 seeking those damages. Looking both to the plain language of the statute and to the legislative history behind the PLRA, the Court held the exhaustion of "available" administrative remedies under § 1997e(a) is required in prison condition cases so long as the "prison administrative process [ . . . ] could provide some sort of relief on the complaint stated" regardless of whether that process can provide "the remedial action [the] inmate demands." *Booth*, 532 U.S. at 734, 736, 121 S.Ct. 1819. In other words,

no matter the specific "form of relief sought and offered through administrative avenues," the prisoner must exhaust his claims through the existing administrative processes, even if he seeks money damages which are not authorized, so long as those procedures have the "authority to provide any relief" or permit prison officials to take "some action in response to the complaint." *Id.* at 736, 741 nn. 4, 6.

As noted previously, *Booth* overruled the Ninth Circuit's opinion in *Rumbles v. Hill,* 182 F.3d 1064 (9th Cir.1999) to the extent it held "[e]xhaustion of administrative remedies under section 1997e(a) is not required if a prisoner's section 1983 claim seeks only monetary damages and if the state correctional facility's administrative grievance process does not allow for such an award." *Id.,* at 1069. *Booth* does not address, however, the further holdings in *Rumbles* which remain good law in the Ninth Circuit: (1) that the failure to exhaust under § 1997e(a) does not deprive the federal court of subject matter jurisdiction over the suit, *see Rumbles,* 182 F.3d at 1067–68 (citing *Weinberger v. Salfi,* 422 U.S. 749, 757, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975)); *Wyatt,* 280 F.3d at 1244 n. 8; and (2) that § 1997e(a) does not require California prisoners to also exhaust the state notice-of-claim procedures set forth in the California Tort Claims Act (CTCA) with respect to federal constitutional claims alleged under 42 U.S.C. § 1983. *Rumbles,* 182 F.3d at 1069–70. *Booth* applies to Plaintiff's action despite the fact that it was decided *after* Plaintiff initiated suit. *See Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (holding that when the Supreme Court "applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all [civil] cases still open on direct review and as to all events, regardless of whether such events predate or postdate the Supreme Court's announcement of the rule."); *Irvin,* 161 F.Supp.2d at 1126 (applying *Booth* to pending cases under *Harper* ). Thus, this Court rejects Plaintiff's argument that the precedent established in *Booth* does not apply to his case. *See* Opp'n at 6.

## 2. Application to Plaintiff's Case

Defendants Houston, Leapheart, Corona, Borem, and Settlemire seek dismissal on the ground that Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). The use of the 602 Inmate/Parolee Appeal Form is required to initiate the administrative grievance process. *See* CAL.CODE REGS., tit. 15 § 3084.2. The 602 Form limits the prisoner to one paragraph, plus one extra sheet, in which they are directed to frame their "problem." *See id.* § 3084.2(a)(1). Moreover, the 602's format suggests that its purpose is to simply provide a mechanism so that the prisoner can describe the facts giving rise to his grievance from his own perspective; it does not require the prisoner to name "defendants" with particularity, as if he were pleading his case in federal court.

It must be noted, however, that the plain language of the statute makes no reference to the specificity with which the action must be administratively pursued as to individual defendants. *See e.g., United States v. Alvarez–Sanchez,* 511 U.S. 350, 356, 114 S.Ct. 1599, 128 L.Ed.2d 319 (1994) (when interpreting a statute, court must begin with its plain language).

Defendants Houston, Leapheart, Corona, Borem, and Settlemire claim that Plaintiff never filed any grievances against them. In support of this position, Defendants offered the declaration of Appeals Coordinator at Calipatria State Prison, Denise Edwards, who stated that she "conducted a diligent search of the records maintained in the usual course of business"

at the prison and "did not find any grievances filed by Inmate Joseph Nichols (against Defendants Houston, Leapheart, Corona, Borem, and Settlemire) between June 30, 2000, and October 4, 2001." *See* Decl. at 2.

Defendants rely on *Curry v. Scott,* 249 F.3d 493 (6th Cir.2001), in which the Sixth Circuit affirmed a district court's dismissal of a prisoner's failure to preserve his claim against one correctional officer because he was "never mentioned" in the prisoners' grievance against his fellow officers. *Id.* at 497–98, 504–05. However, the Defendants ignore *Irvin v. Zamora,* 161 F.Supp.2d 1125, 1130–32 (S.D.Cal.2001), in which this Court addressed the administrative exhaustion requirements set forth in Cal.Code Regs., tit. 15 § 3084.5, and specifically declined to adopt *Curry's* heightened administrative grievance pleading requirements. Instead, the Court held that so long as the plaintiff's grievance "present[s] the relevant factual circumstances giving rise to a potential claim" and is "otherwise sufficient to put the prison on notice of the potential claims," the basic purposes of the exhaustion requirement are fulfilled. *Irvin,* 161 F.Supp.2d at 1134–35.

Plaintiff Nichols does not mention by name Defendants Houston, Leapheart, Corona, Borem, and Settlemire in either his 602 Log No. 01755 (submitted June 30, 2000) or in 602 Log No. 02274 (submitted September 20, 2000). Both forms submitted to the Appeals Coordinator are claims of excessive force against Defendant Logan and failure to protect by Defendant Liberty–Gonzalez. *See* Exhibit A at 1–3, Exhibit B at A–B. This Court cannot apply the broad principle adopted in *Irvin* to say that the remaining Defendants who were merely supervisors and not present during the incident would have been put on notice of the potential claims against them.

Therefore, neither 602 Log No. 01755 or 602 Log No. 02274 were sufficient to initiate the administrative grievance process against Defendants Houston, Leapheart, Corona, Borem, and Settlemire.

To refute this notion, Plaintiff submits with his Opposition "Exhibit A", an Inmate/Parolee Appeal Form (602) against the moving Defendants outlining a new claim of repeated "Escort Violations" in the administrative segregation unit. *See* Exhibit A at 1–3. The Court notes, however, that the 602 is dated September 6, 2000 and **does not have a log number.** *Id.* Plaintiff claims that he sent the 602 appeal form through the prison legal mail system and never got a response. *See* SAC at 7. Plaintiff alleges that the copy submitted in Exhibit A "was just newly discovered in Plaintiff's property." *Id.* Even if the Court accepts those facts to be true, there is no evidence that a First, Second, or Director's Level decision was ever issued regarding this alleged 602. Therefore, Plaintiff has not submitted any competent evidence that he has exhausted his administrative remedies as to Defendants Houston, Leapheart, Corona, Borem, and Settlemire.

In contrast, there is adequate evidence that all administrative remedies were exhausted as to the Eighth Amendment claims against Defendants Logan and Liberty–Gonzalez. Plaintiff submitted a 602 with Log No. 01755 on June 30, 2000 detailing the incident and describing the conduct of Defendants Logan and Liberty–Gonzalez. *See* Exhibit B at A–B. A First Level Appeal was issued and the appeal was "partially granted." *See* Exhibit B at 5. A similar appeal form with Log No. 02274 was submitted on September 20, 2000. *See* Exhibit B at 1. A First Level, and Director's Level decision was made regarding this second 602.[2] *See* Exhibit B at 16, 21.

**2.** A Second Level decision was also most like-

ly made regarding this 602 although not sub-

Therefore, because certain Defendants have properly raised and proven the affirmative defense of non-exhaustion as required by *Wyatt*, it is recommended that Plaintiff's claims against Defendants Houston, Leapheart, Corona, Borem, and Settlemire be dismissed without prejudice or leave to amend, for failing to exhaust his administrative remedies. *See Wyatt*, 315 F.3d at 1120.

## B. Applicable Legal Standards

A motion to dismiss for failure to state a claim pursuant to FED.R.CIV.P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. A complaint can be dismissed only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the pleading in the light most favorable to the plaintiff. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995).

■ Unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim, a complaint shall not be dismissed without leave to amend. *Conley*, 355 U.S. at 45–46, 78 S.Ct. 99. Where a plaintiff appears *in propria persona* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th

mitted to the Court.

Cir.1992). In giving liberal interpretation to a *pro se* civil rights complaint, however, the court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982).

### 1. Eleventh Amendment Immunity

■ Defendants seek dismissal of Plaintiff's damages claims to the extent they are based on acts taken in their official capacities. While the Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their official capacities, *Will v. Michigan*, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), it does not bar damage actions against state officials in their personal or individual capacities. *Hafer v. Melo*, 502 U.S. 21, 31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991); *Pena v. Gardner*, 976 F.2d 469, 472–73 (9th Cir.1992). When a state actor is alleged to have violated both federal and state law and is sued for damages under section 1983 in his individual or personal capacity, there is no Eleventh Amendment bar, even if state law provides for indemnification. *Ashker v. California Department of Corrections*, 112 F.3d 392, 395 (9th Cir. 1997). In the SAC, Plaintiff clearly indicates an intent to sue all Defendants in both their individual and official capacities. *See* SAC at 1–2. However, in his Opposition, Plaintiff states that he is "not suing any of the Defendants in their *'Official Capacity'* unless allowed to do so by the Court." Opp'n at 29. For the reasons outlined above, Plaintiff does not have leave to pursue claims against the Defendants in their official capacities, and thus it is recommended that the Court GRANT Defendants' Motion to Dismiss with prejudice on Eleventh Amendment grounds to the extent Plaintiff seeks damages against Defendants in their official capacities.

## 2. Personal Involvement

Defendants Houston, Leapheart, Corona, Borem, and Settlemire move to dismiss all federal claims against them on the ground that Plaintiff failed to state a claim pursuant to FED.R.CIV.P. 12(b)(6). A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). "Causation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir.1999). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *See Rizzo v. Goode*, 423 U.S. 362, 370–71, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir.1986).

There is no *respondeat superior* liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir.1993). Thus, to avoid the respondeat superior bar, the plaintiff must allege **personal acts** by Defendants Houston, Leapheart, Corona, Borem, and Settlemire which have a direct causal connection to the constitutional violation at issue. *Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir.1986) (*emphasis added*). Section 1983 provides for relief only against those who, through their personal involvement as evidenced by affirmative acts, participation in another's affirmative acts, failure to perform legally required duties, or setting in motion a series of acts by others, cause the deprivation of the plaintiff's constitutionally protected rights. *See Johnson*, 588 F.2d at 743.

Here, Plaintiff has failed to allege facts sufficient to show personal liability on the part of Defendants Houston, Leapheart, Corona, Borem, and Settlemire.[3] Plaintiff states that the Defendants "routinely violated the Escort Procedures of the Operations Manual for CDC Calipatria Prison" by allowing only one guard (instead of two) to escort prisoners in the administrative segregation disciplinary unit and by not correcting the violation. *See SAC* at 10–12. Even if that fact is true as alleged, Plaintiff does not state any facts sufficient to show that the violation of the escort procedure on the day of the incident is directly connected to the constitutional violation at issue. In a conclusory fashion, Plaintiff states that "Corona and Settlemire could have easily prevented the excessive force incident by simply having the officer[s] P. Logan and L. Liberty, who watched the incident transpire, 'abide' by the rule." Opp'n at 15. There is no evidence showing the alleged rule violation was the direct cause of the incident, nor evidence suggesting the incident would not have occurred with one more guard present. Plaintiff admits in his Opposition that Defendants Borem, Garcia, Leapheart, and Houston were not present when the incident occurred. *See* Opp'n at 16–17. Plaintiff does not allege any facts suggesting that, merely because the Defendants knew or should have known that the escort procedures were repeatedly violated, they likewise knew or should have known a constitutional violation was going to occur.

---

**3.** Plaintiff seeks to add Officer Duarte to the list of named Defendants in his SAC for also knowing and failing to correct the escort procedure violations. The Court DENIES Plaintiff's request to add Officer Duarte as a Defendant for the same reasons as underlying the Court's granting Defendants' motion to dismiss.

There is not sufficient evidence alleged to show that Defendants Houston, Leapheart, Corona, Borem, and Settlemire had any personal involvement in the incident. Thus, it is recommended that the Court dismiss without leave to amend all claims against Defendants Houston, Leapheart, Corona, Borem, and Settlemire pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted.

### C. *Sua Sponte* Dismissal of Defendant Garcia

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915A(b) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir.2001).

Plaintiff brings this action against Defendant Garcia for her capacity as the Warden of the prison where the incident occurred. *See* SAC at 1. Plaintiff argues that Defendant Garcia had knowledge of the escort violation procedures and did not correct them. *See* Opp'n at 16. Additionally, Plaintiff alleges that Defendant Garcia did not remove Defendant Logan from his position of authority after the incident. *See* SAC at 31. As discussed above, neither allegation states a claim upon which relief may be granted. Accordingly, those claims are hereby *sua sponte* **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, which permit a court to *sua sponte* dismiss any portion of a prisoner's *in forma pauperis* complaint that fails to state a claim upon which relief may be granted.

### D. Eighth and Fourteenth Amendment Claims

Defendants also seek to dismiss the Fourteenth Amendment claims brought against them on the ground that they are barred by *Ramirez v. Butte–Silver Bow County,* 298 F.3d 1022 (9th Cir.2002). While the *Ramirez* case is clearly factually and legally distinguishable from the case at bar, it is recommended that the Court not reach this issue as Plaintiff has requested voluntary dismissal of these claims. *See* Opp'n at 26. Rule 41(a)(1) of the Federal Rules of Civil Procedure provides that "an action may be dismissed by the plaintiff without order of the court by filing a notice of dismissal at any time before service of the adverse party of an answer or of a motion for summary judgment ..." Fed.R.Civ.P. 41(a)(1). "Under Rule 41(a)(1), a plaintiff has an absolute right voluntarily to dismiss his action prior to service by the defendant of an answer or a motion for summary judgment ... The dismissal is effective on filing and no court order is required." *Concha v. London,* 62 F.3d 1493, 1506 (9th Cir.1995), *cert. dismissed,* 517 U.S. 1183, 116 S.Ct. 1710, 134 L.Ed.2d 772 (1996); *see Pedrina v. Chun,* 987 F.2d 608, 610 (9th Cir.1993).

In this matter, Plaintiff has chosen to voluntarily dismiss the Fourteenth Amendment claims in his Opposition to Defendants' Motion to Dismiss. *See* Opp'n at 26. Accordingly, because there has been no answer or motion for summary judgment in this matter, it is recommended that Plaintiff's Fourteenth Amendment claims be dismissed without prejudice or leave to amend pursuant to Fed.R.Civ.P. 41(a)(1).

### E. California Tort Claims Act

Defendants move to dismiss Plaintiff's pendent state law causes of action on the grounds that he has not adequately plead compliance with California Tort Claims

Act ("CTCA") by filing the notice of claims required by CAL.GOV'T CODE §§ 911.2, 945.4 and 950.2. Plaintiff has requested voluntary dismissal of "all state tort claims against all the defendants." Opp'n at 26. As discussed above, Rule 41(a)(1) of the Federal Rules of Civil Procedure provides that "an action may be dismissed by the plaintiff without order of the court by filing a notice of dismissal at any time before service of the adverse party of an answer or of a motion for summary judgment ..." FED.R.CIV.P. 41(a)(1). Therefore, it is recommended that Plaintiff's pendent state law claims be dismissed either without (1) prejudice and (2) leave to amend pursuant to FED.R.CIV.P. 41(a)(1).

## IV.

### CONCLUSION AND RECOMMENDATION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order:

(1) **DISMISSING** without leave to amend Plaintiff's claims against Defendant Sylvia Garcia *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A;

(2) **GRANTING** without prejudice and without leave to amend Defendants' Motion to Dismiss as to Defendants Houston, Leapheart, Corona, Borem, and Settlemire for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a);

(3) **GRANTING** with prejudice Defendants' Motion to Dismiss pursuant to FED. R.CIV.P. 12(b)(6) on Eleventh Amendment grounds but only to the extent that Plaintiff seeks damages against them in their official capacities;

(4) **GRANTING** without prejudice and without leave to amend Defendants' Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6) as to Defendants Houston, Leapheart, Corona, Borem, and Settlemire on *respondeat superior* grounds;

(5) **GRANTING** without prejudice and without leave to amend Plaintiff's voluntary motion to dismiss the Fourteenth Amendment claims;

(6) **GRANTING** without prejudice and without leave to amend Plaintiff's voluntary motion to dismiss all pendent state law claims; and

(7) **DENYING** Plaintiff's motion for leave to file a Third Amended Complaint as moot.

***The action will proceed as to the following claims:***

(1) Plaintiff's Eighth Amendment claim against Defendant Logan for use of excessive force; and

(2) Plaintiff's Eighth Amendment claim against Defendant Liberty–Gonzalez for failure to protect Plaintiff from assault.

**IT IS HEREBY ORDERED** that no later than **June 4, 2004**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **June 18, 2004**. The parties are advised that fail to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir.1991).

May 3, 2004.