F I L E D
United States Court of Appeals
Tenth Circuit

FEB 3 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BRIAN LEE WILSON,

Plaintiff-Appellant,

v.

RON WARD; DAREN SWENSON, Warden; RAY CHOATE, Treatment Manager; PAIGE MATHEWS GRIDER, Counselor; KELLY WILKEY, Chief Security; REESE LANE, Officer Sergeant; FLOICE KNAPP, Case Manager; JOHN HILLIGOSS, Captain; WILLIAM CHRISTIAN, Hearing Officer; GREG EVANS, Case Manager, also known as Tim Evans; ANGELINE WOLFF, Correctional Officer; HEATHER BARNARD, Mailroom Clerk; LISA HEPPEL, Correctional Officer; CHASE WRIGHT, Correctional Officer; DON POPE, Attorney; MELINDA GUILFOYLE, Designee Director; RENEE WATKINS, Assistant Warden; JOHN MIDDLETON, Assistant Warden; JOHN DOE KESSLER, Assistant Warden; DON STEER, Administrator Captain; JAN REEDER, Classification Manager; OFFICER TANNER; OFFICER DONNELEY; HAROLD FUEGATE, Correctional Officer; S. BUCKHIESTER, Investigator; JOHN FERGUSON,

Defendants-Appellees.

No. 04-6123

(W.D. Oklahoma)

(D.C. No. CV-03-126-T)

**ORDER AND JUDGMENT**[*]

Before **EBEL, McKAY, and HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Brian Lee Wilson, a state prisoner appearing pro se, filed this action under 42 U.S.C. § 1983, alleging numerous constitutional deprivations during his incarceration at Cimarron Correctional Facility ("CCF"). This prison is privately owned by Corrections Corporation of America, Inc. and houses Oklahoma Department of Corrections ("ODOC") inmates. The district court dismissed certain counts for failure to state a claim and dismissed the remainder of counts for failure to fully exhaust available administrative remedies. Mr. Wilson timely appeals the district court's dismissal of all claims against all parties.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

# I. BACKGROUND

After a disciplinary hearing, Mr. Wilson was found guilty of "menacing" during his incarceration at the CCF in August 2001 and lost two hundred earned credits. The ODOC Director's designee affirmed the CCF warden's finding of guilt and denied Mr. Wilson's appeal. In January 2003, Mr. Wilson filed his initial complaint under 42 U.S.C. § 1983 and later filed an amended complaint and second amended complaint solely to add parties. The amended complaint alleged various violations of constitutional rights in a disciplinary proceeding and further violations while Mr. Wilson was housed at the private prison. Mr. Wilson named more than twenty-five individuals or entities as defendants in his complaint, and most of these defendants filed motions to dismiss or for summary judgment. Not all defendants were initially served with summons, creating a complex procedural history with defendants' motions and magistrate judge's reports and recommendations being filed at various times.

In a series of reports and recommendations, the magistrate judge recommended dismissal of each cause of action against defendants-appellees, either for Mr. Wilson's failure to exhaust administrative remedies or for failure to state a claim. *See* Rec. vol. II, docs. 114, 119; Rec. vol. III, docs. 159, 165, 169, 171, 173. In March 2004, the district court adopted the magistrate judge's various reports and recommendations that Mr. Wilson's case be dismissed. Rec.

vol. III, docs. 181, 183, 184, 186, 187. Mr. Wilson now appeals the district court's dismissal of his § 1983 action for failure to exhaust administrative remedies and for failure to state a claim. We review de novo the district court's dismissal on both of these grounds. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). We must screen Mr. Wilson's claims to determine if he has exhausted available administrative remedies and dismiss his claim without prejudice if he has not met this pleading requirement. *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210, 1213 (10th Cir. 2003). In a decision issued after the district court's dismissal in this case, we concluded that "the PLRA contains a total exhaustion requirement," and "the presence of unexhausted claims in [the prisoner's] complaint required the court to dismiss his action in its entirety without prejudice." *Ross v. County of Bernalillo*, 365 F.3d

1181, 1189 (10th Cir. 2004); *see also Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000) ("When multiple prison condition claims have been joined . . . , § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims."); *United States v. Mubarak*, 315 F. Supp. 2d 1057, 1060 (S.D. Cal. 2004) (examining the language of 42 U.S.C. § 1997e(a) and determining that "[u]se of the term 'action' instead of 'claim' evidences an intent to disallow mixed complaints").

We have carefully reviewed the magistrate judge's reports and recommendations, Mr. Wilson's objections to the magistrate judge's reports and recommendations, the district court's orders, and the entire record and briefs on appeal. For substantially the same reasons set out in the magistrate judge's reports and recommendations, and the district court's orders adopting the reports and recommendations, we conclude that Mr. Wilson failed to exhaust his administrative remedies under 42 U.S.C. § 1997e. Defendants have clearly demonstrated that Mr. Wilson failed to exhaust his administrative remedies within the ODOC. Although Mr. Wilson initiated grievances, he neither alleges nor argues that he sought appellate review to the ODOC Director. "The plaintiff has not filed any grievance with the DOC as to the fourteen count allegation against the numerous private staff at the CCF . . . , nor has plaintiff filed any grievance against the three DOC staff members named in the Complaint." Rec. vol. I, doc.

7, at 1-2 (Investigative Report of the Oklahoma Department of Corrections, filed Feb. 24, 2003). Notwithstanding his incarceration at a private prison facility, Mr. Wilson was required to exhaust administrative review from the ODOC prior to bringing a claim under 42 U.S.C. § 1983.

Under the total exhaustion requirement, the presence of unexhausted claims in Mr. Wilson's complaint requires the district court to dismiss his action *in its entirety* without prejudice. *See Ross*, 365 F.3d at 1189. Thus, we need not address whether the district court properly dismissed certain claims for failure to state a claim.

### III. CONCLUSION

We therefore AFFIRM the district court's dismissal without prejudice of all counts against all parties. We GRANT Mr. Wilson's request to proceed in forma pauperis on appeal, and we remind him to continue making payments until the entire appellate filing fee is paid. *See* 28 U.S.C. § 1915(b). We also order Mr. Wilson to serve copies of any future filings in this appeal on defendants-appellees.

Entered for the Court,


Robert H. Henry
Circuit Judge